# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., as subrogee of Park District Risk Management Agency and Glenview Park District,

              Plaintiff,

v.

PHILIP MUNRO,

              Defendant.

No.:

## CIVIL ACTION COMPLAINT

Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa., as subrogee of Park District Risk Management Agency and Glenview Park District, by and through its attorneys, files a Complaint against Defendant, Philip Munro, and in support thereof avers the following:

## PARTIES

1.      Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), is a corporation formed and existing in accordance with the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1271 Avenue of the Americas, Floor 37, New York, New York 10020. National Union is a citizen of the Commonwealth of Pennsylvania and the State of New York.

2.     Defendant, Philip Munro ("Mr. Munro"), a citizen of the State of Florida, is an individual person who resides at 12519 Heron Bayou Drive, Tampa, Florida 33635.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332.

4.     Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

## FACTUAL ALLEGATIONS

5.     Glenview Park District ("Glenview") is an entity that oversees and manages a large public park in Glenview, Illinois.

6.     Until November, 2023, Mr. Munro was employed by Glenview as its Supervisor of Buildings and Grounds.

7.     In his role as Supervisor of Buildings and Grounds, Mr. Munro had access to and control of a credit card issued by Glenview.

8.     Mr. Munro was only authorized by Glenview to make purchases with Glenview's credit card for legitimate business purposes.

9.     From February, 2021, through November, 2023, Mr. Munro used Glenview's credit card to make purchases totaling $96,804.67 that were for his personal benefit and not for the benefit of Glenview.

2

10.    The personal purchases included pet supplies, weaponry and ammunition.

11.    Glenview, in reliance upon Mr. Munro's representation that he would use Glenview's credit card for business purposes only, paid its credit card bills which included Mr. Munro's charges for personal purchases.

12.    Mr. Munro was able to conceal his theft from Glenview over the course of several months by altering and falsifying documentation to make the personal credit card charges appear as if they were made for the benefit of Glenview.

13.    Glenview discovered Mr. Munro's theft on November 28, 2023, and subsequently terminated Mr. Munro's employment.

14.    As a result of Mr. Munro's theft, Glenview suffered a loss in the principal amount of $96,804.67.

15.    National Union issued a policy of insurance (the "Policy") to Park District Risk Management Agency ("PDRMA") in which National Union agreed to insure PDRMA and its members, including Glenview, for losses sustained due to employee dishonesty.

16.    Pursuant to the Policy, National Union indemnified Glenview for the losses that Glenview sustained as a result of the theft by Mr. Munro.

17.    As a result of indemnifying Glenview, National Union has become subrogated to Glenview.

18. Despite demand, Mr. Munro has not reimbursed Glenview or National Union for the loss caused due to Mr. Munro's theft.

## COUNT I
## FRAUD
### National Union v. Mr. Munro

19. National Union repeats and realleges the above allegations as if set forth herein.

20. By using Glenview's credit card to make the aforementioned personal purchases totaling $96,804.67, Mr. Munro represented to Glenview that said purchases were made for the benefit of Glenview.

21. Likewise, by submitting documentation to Glenview purportedly showing that the aforementioned purchases were for the benefit of Glenview, Mr. Munro represented to Glenview that the supporting documentation was legitimate and unaltered.

22. These representations were material and false because the credit card charges were made for the personal benefit of Mr. Munro and not for the benefit of Glenview and because Mr. Munro altered and falsified the supporting documentation he submitted to Glenview.

23. The misrepresentations were made by Mr. Munro with knowledge of their falsity and with the intent to defraud Glenview.

4

24.    Glenview justifiably relied upon the misrepresentations of Mr. Munro when it paid for the fraudulent credit card charges made by Mr. Munro.

25.    Mr. Munro's conduct was wanton and willful and committed with actual malice.

26.    As a result of the fraud committed by Mr. Munro, Glenview, and thus National Union, suffered a loss in the principal amount of $96,804.67 and is entitled to recover punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff, National Union, demands judgment in its favor and against Defendant, Mr. Munro, for compensatory damages in the amount of $96,804.67, together with punitive damages, interest, costs and all further relief that the Court determines to be appropriate.

## COUNT II
### CONVERSION
### National Union v. Mr. Munro

27.    National Union repeats and realleges the above allegations as if set forth herein.

28.    Glenview was the rightful possessor and owner of $96,804.67.

29.    Without the consent of Glenview and without lawful justification, Mr. Munro deprived Glenview of its rightful possession and ownership of $96,804.67 through his fraudulent actions as set forth above.

30. Despite demand, Mr. Munro has not returned the $96,804.67, nor has he returned the items valued at that amount that he purchased using Glenview's credit card.

31. Mr. Munro's conduct was wanton and willful and committed with actual malice.

32. As a result of the conversion committed by Mr. Munro, Glenview, and thus National Union, suffered a loss in the principal amount of $96,804.67 and is entitled to recover punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff, National Union, demands judgment in its favor and against Defendant, Mr. Munro, for compensatory damages in the amount of $96,804.67, together with punitive damages, interest, costs and all further relief that the Court determines to be appropriate.

### COUNT III
### BREACH OF FIDUCIARY DUTY
### National Union v. Mr. Munro

33. National Union repeats and realleges the above allegations as if set forth herein.

34. As Supervisor of Buildings and Grounds with access to and control of Glenview's credit card, Mr. Munro owed a fiduciary duty to Glenview to act in Glenview's best interests and to refrain from stealing from Glenview.

35. Mr. Munro breached his fiduciary duty owed to Glenview by engaging in the above-referenced fraudulent conduct, namely using Glenview's credit card to make personal purchases.

36. Mr. Munro's conduct was wanton and willful and committed with actual malice.

37. As a result of the breach of fiduciary duty committed by Mr. Munro, Glenview, and thus National Union, suffered a loss in the principal amount of $96,804.67 and is entitled to recover punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff, National Union, demands judgment in its favor and against Defendant, Mr. Munro, for compensatory damages in the amount of $96,804.67, together with punitive damages, interest, costs and all further relief that the Court determines to be appropriate.

### COUNT IV
### UNJUST ENRICHMENT
### National Union v. Mr. Munro

38. National Union repeats and realleges the above allegations as if set forth herein.

39. Mr. Munro obtained a benefit from Glenview in the total amount of $96,804.67 through Mr. Munro's use of Glenview's credit card to make personal purchases, as set forth above.

40.     Mr. Munro has retained such benefit by not returning $96,804.67 to Glenview or National Union.

41.     It is inequitable and unjust for Mr. Munro to continue to retain the benefit that he received at the expense of Glenview, $96,804.67, without disgorging such benefit.

42.     As a result of Mr. Munro's unjust enrichment, Glenview, and thus National Union, suffered a loss in the principal amount of $96,804.67.

**WHEREFORE**, Plaintiff, National Union, demands judgment in its favor and against Defendant, Mr. Munro, for compensatory damages in the amount of $96,804.67, together with interest, costs and all further relief that the Court determines to be appropriate.

Dated: March 23, 2026.

Brigid R. Buckley
Florida Bar Number: 1064469
bbuckley@mdmc-law.com
James S. Myers
Florida Bar Number: 64246
jmyers@mdmc-law.com
McElroy, Deutsch, Mulvaney & Carpenter LLP
201 East Kennedy Boulevard, Suite 815
Tampa, Florida 33602
Ph: 813-285-5520